O'BRIEN, BELLAND & BUSHINSKY, LLC
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
Mark E. Belland, Esquire

Attorneys for Co-Defendant, International Union of Painters and Allied Trades District Council No. 711

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o ROSEANN DAWSON, <br><br>                    Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; PAINTERS DISTRICT COUNCIL NO. 711; ABC CORP. (1-10) (Said names being fictitious and unknown entities).<br><br>                    Defendants. | Civil Action No. 12-cv-06787(DMC)(JAD)<br><br>ANSWER AND SEPARATE DEFENSES TO COMPLAINT ON BEHALF OF DISTRICT COUNSEL NO. 711 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES |

District Council No. 711 International Union of Painters and Allied Trades ("PDC 711") improperly pled as Painters District Council No. 711, files this Answer to the Complaint of North Jersey Surgery Center a/s/o Roseann Dawson

("Surgery Center"). The numbered paragraphs of the Answer correspond to the like numbered paragraphs of the Complaint, and unless specifically admitted herein, each factual allegation of the Complaint is hereby denied.

## THE PARTIES

1. Denied. This allegation is not directed at PDC 711 and PDC 711 is without sufficient knowledge or information to admit Plaintiff's description of itself.

2. Admitted in part and denied in part. Certain allegations are not directed at PDC 711 and PDC 711 is without sufficient information or knowledge to admit the description Plaintiff describes for Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"). PDC 711 admits that Horizon does have a business location at 975 Raymond Boulevard, Newark, New Jersey. Except as expressly admitted, PDC 711 denies the remaining allegations of this paragraph.

3. Denied. This allegation is not directed at PDC 711 and after reasonable investigation PDC 711 is without sufficient knowledge or information to admit where Horizon conducts business in the State of New Jersey.

4. Denied. This allegation is not directed at PDC 711 and after reasonable investigation PDC 711 is without sufficient knowledge or information

to admit whether or not Horizon maintains a self funded insurance plan for its employees and their participating family members.

5.   Denied.  This allegation is not directed at PDC 711 and after reasonable investigation, PDC 711 is without sufficient knowledge or information to admit that Plaintiff Dawson's address is correct or whether or not Plaintiff is a subscriber to a plan of group health insurance issued to employees and their participating family members by Horizon.

6.   Admitted in part and denied in part.  PDC 711 admits that it is a labor union as defined under federal labor law and represents members as the exclusive bargaining agent for all employees doing work covered in PDC 711's work jurisdiction within the State of New Jersey, and further admits that it has a Union office and hiring hall location at 9 Fadem Road, Springfield, New Jersey.  Except as expressly admitted, PDC 711 denies the remaining allegations of this paragraph.

7.   The allegations of this paragraph state a legal conclusion regarding Co-Defendant Horizon's insurance agreements and, as such, PDC 711 is not required to admit or deny this allegation.  To the extent a response is required, PDC 711 admits the allegations of this paragraph.

8. Denied. The allegations of this paragraph state a legal fact and a legal conclusion neither of which apply to PDC 711. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

## SUBSTANTIVE ALLEGATIONS

9. Denied. PDC 711 denies that is operates, controls and/or administers managed health insurance plans providing health and medical coverage to its members and dependents as alleged in this paragraph. PDC 711 admits that it is signatory to Collective Bargaining Agreements with various employers and/or their employer associations whereby these entities have established a health and welfare fringe benefit fund for the benefit of bargaining unit members of PDC 711. This health and welfare fringe benefit fund is known as the PDC 711 Health and Welfare Fund ("Fund") and is not a Defendant in this matter. The Fund is established and controlled under applicable federal labor law and the Employee Retirement Income Security Act ("ERISA"). It is denied that PDC 711 provides certain of its members and/or their dependents with "out-of-network" benefits. To the extent that Plaintiff Dawson is eligible to receive benefits from the Fund, PDC 711 is without sufficient information or knowledge to admit this allegation, and this allegation is denied.

10. Denied. This allegation is not directed at PDC 711 and after reasonable investigation PDC 711 is without sufficient knowledge or information to admit what Plaintiff Surgery Center provides by way of facilities and/or training. PDC 711 specifically denies the remaining allegations of this paragraph including that all surgical procedures performed were "medically necessary" and were approved.

11. Denied. This allegation states a definition and legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

12. Denied. PDC 711 denies that it agreed to directly compensate Plaintiff their UCR fee for the services provided.

13. Denied. PDC 711 denies that Plaintiff ever submitted a bill to PDC 711. PDC 711 further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason. PDC 711 further denies that it ever issued an explanation of benefits at any time to Plaintiff.

14. Denied. PDC 711 denies that Plaintiff ever submitted a bill to PDC 711. PDC 711 further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason. PDC 711 further denies that it ever issued an explanation of benefits at any time to Plaintiff.

15. Denied.

16. PDC 711 denies that it ever received an appeal for reconsideration of any claim by Plaintiff at any time or under any circumstance. PDC 711 further denies that it failed to provide an appropriate response to Plaintiff's alleged appeal as PDC 711 does not provide any appeal mechanism for the allegations raised by Plaintiff in Plaintiff's Complaint.

17. Denied. PDC 711 never issued any payments to Plaintiff and has not issued any "further" payments to Plaintiff.

18. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

### FIRST COUNT
### (Violation of ERISA)

19. PDC 711 repeats its responses to all prior allegations as if more fully set forth at length herein.

20. The allegations of this paragraph state a legal conclusion and, as such, no response is required. To the extent a response is required, PDC 711 admits the allegations of this paragraph.

21. Denied. The allegations in this paragraph are not directed at PDC 711 and further to a certain extent assert a legal conclusion and, as such, no

answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

22. Denied. The allegations in this paragraph are not directed at PDC 711 and further to a certain extent assert a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

23. Denied. The allegations in this paragraph are not directed at PDC 711 and further to a certain extent assert a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

24. Denied. The allegations in this paragraph are not directed at PDC 711 and further to a certain extent assert a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

25. Denied. This allegation is not directed at PDC 711 and PDC 711 is without sufficient information or knowledge to admit or deny the allegations of this paragraph. To the extent a further response is required, PDC 711 denies the allegations of the paragraph.

26. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

27. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

28, Denied. The allegations of this paragraph are not directed to PDC 711 and PDC 711 is without sufficient knowledge or information to ascertain whether Surgery Center has sought benefits applicable under Patients' plans and Horizon has refused to make the payments to Plaintiff for the medical services rendered to Plaintiff Dawson.

29. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

30. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

31. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

32. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

WHEREFORE, PDC 711 seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 of their costs, attorneys' fees and whatever further relief the court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

33. PDC 711 repeats its responses to all prior allegations as if more fully set forth at length herein.

34. The allegations of this paragraph are not directed at PDC 711 and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

35. The allegations of this paragraph are not directed at PDC 711 and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

36. The allegations of this paragraph are not directed at PDC 711 and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

37. The allegations of this paragraph are not directed at PDC 711 and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

38. The allegations of this paragraph are not directed at PDC 711 and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

39. The allegations of this paragraph are not directed at PDC 711 and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

WHEREFORE, PDC 711 seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 of their costs, attorneys' fees and whatever further relief the court deems equitable and just.

### THIRD COUNT
### (Promissory Estoppel)

40. PDC 711 repeats its responses to all prior allegations as if more fully set forth at length herein.

41. Denied. PDC 711 is without sufficient information or knowledge to admit that Plaintiff rendered medical services to Dawson and is without sufficient information or knowledge to admit anything regarding Plaintiff's expectations.

42. Denied. PDC 711 denies that it is a subscriber in any fashion to Plaintiff for any medical health insurance coverage.

43. Denied. PDC 711 does not provide confirmation of medical coverage.

44. Denied. PDC 711 has never provided continued confirmation of coverage for medical services for this Plaintiff or any other bargaining unit member.

45. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

46. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

47. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

WHEREFORE, PDC 711 seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 of their costs, attorneys' fees and whatever further relief the court deems equitable and just.

## FOURTH COUNT
### (Negligent Misrepresentation)

48. PDC 711 repeats its responses to all prior allegations as if more fully set forth at length herein.

49. Denied. PDC 711 has never confirmed for this Plaintiff or any other bargaining unit member confirmation of reasonable and customary payment for medically necessary services. The remaining allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

50. Denied. PDC 711 has never confirmed for this Plaintiff or any other bargaining unit member confirmation of reasonable and customary payment for medically necessary services. The remaining allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

51. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

52. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

53. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

WHEREFORE, PDC 711 seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 of their costs, attorneys' fees and whatever further relief the court deems equitable and just.

## FIFTH COUNT
### (Unjust Enrichment)

54. PDC 711 repeats its responses to all prior allegations as if more fully set forth at length herein.

55. Denied. PDC 711 has never agreed to pay Plaintiff a reasonable and customary fee for medical services rendered or for any other services.

56. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

57. Denied. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 denies the allegations of this paragraph.

WHEREFORE, PDC 711 seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 of their costs, attorneys' fees and whatever further relief the court deems equitable and just.

## SIXTH COUNT

58. PDC 711 repeats its responses to all prior allegations as if more fully set forth at length herein.

59. Denied. This allegation is not directed at PDC 711 and after reasonable investigation, PDC 711 is without sufficient knowledge or information to admit to liability of any corporations they may be responsible for payment of Plaintiff's reasonable and customary fees.

WHEREFORE, PDC 711 seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 of their costs, attorneys' fees and whatever further relief the court deems equitable and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. PDC 711 is not the proper party Defendant to this action.

3.    PDC 711 did not violate any duty or obligation owed Plaintiff.

4.    PDC 711 did not act in bad faith, in an arbitrary manner or in a discriminatory manner regarding Plaintiff and the allegations raised in this Complaint by Plaintiff's medical provider.

5.    PDC 711 performed each and every duty allegedly owed Plaintiffs.

6.    The incidents complained of by Plaintiff were caused by the actions of other third persons or other entities over whom PDC 711 exercises no right of control.

7.    To the extent that Plaintiff purports to seek legal damages, said request should be stricken from Plaintiff's Complaint for the reason that these damages are not recoverable under ERISA as a matter of law.

8.    Any remedy available for any act or omission as limited solely to those remedies available under ERISA.

9.    PDC 711 is not a proper party to this action as it does not operate, control and/or administer a managed health insurance plan that provides health and medical coverage to its bargaining unit members.

10.    ERISA preempts Plaintiff's Counts Three (Promissory Estoppel), Four (Negligent Misrepresentation) and Fifth (Unjust Enrichment).

11.    Plaintiff seeks remedies outside of ERISA's statutory scheme.

12. PDC 711 reserves the right to file a Motion to Dismiss all claims.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that this lawsuit was originally filed in the Superior Court of New Jersey, Bergen County, Docket No. BER-L7724-12, and removed to this court by Steven J. Bushinsky, Esquire, counsel for International Union of Painters and Allied Trades District Council No. 711.

## DESIGNATION OF TRIAL COUNSEL

The undersigned Steven J. Bushinsky, Esquire is designated as trial counsel for this matter.

Respectfully submitted,

**O'Brien, Belland & Bushinsky, LLC**

Attorneys for Co-Defendant,
International Union of Painters and Allied Trades District Council No. 711

By: _____
Steven J. Bushinsky, Esquire
O'Brien, Belland & Bushinsky, LLC
1526 Berlin Road
Cherry Hill, New Jersey 08003
856-795-2181/Fax 856-795-2182
sbushinsky@obbblaw.com

Dated: November 13, 2012