**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o R.D., <br><br> Plaintiffs(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHEILD OF NEW JERSEY; PAINTERS DISTRICT COUNCIL #711 WELFARE FUND; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-6787 <br><br> **CIVIL ACTION** <br><br> **AMENDED COMPLAINT** |

The Plaintiffs, North Jersey Surgery Center a/s/o R.D., (collectively referred to as "Plaintiffs") by way of Amended Complaint against Defendants say:

**THE PARTIES**

1. Plaintiff, North Jersey Surgery Center (hereinafter referred to as "NJ Surgery" or "Plaintiff") is a minimally invasive surgical center having his office located 520 Sylvan Avenue, Englewood Cliffs, NJ 07632. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendants.

2. Defendant Horizon Blue Cross Blue Shield of New Jersey (hereinafter referred to as "Horizon") is insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New

Jersey, and is headquartered at 975 Raymond Boulevard, Newark, NJ 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

3. Horizon conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County.

4. Horizon maintains an ERISA health insurance plan for its employees and their participating family members.

5. R.D. is a citizen of the United States residing in New Jersey and is a subscriber to a plan of group health insurance issued to employees and their participating family members by Horizon.

6. Defendant Painters District Council No. 711 Welfare Fund (hereinafter referred to as "Painters") is an ERISA qualified health insurance Plan fund and is authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is located at 27 Roland Avenue, Suite 200, Mount Laurel, New Jersey 08054.

7. The terms of Horizon's insurance agreements or plans were controlled by the laws of the State of New Jersey and/or Regulations of the New Jersey Department of Banking and Insurance and by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

8. Plaintiffs received a written Assignment of Benefits agreement from R.D., the aforementioned Horizon/Painters subscriber, of her contractual rights under the policy of group health insurance issued by Horizon/Painters. Thus, Plaintiff has

standing to bring a civil action against Horizon/Painters. Plaintiffs make specific reference to the Assignment of Benefits as if set forth at length herein. Specifically, Plaintiffs were authorized by to file claims to the insurance carrier, file suit and enter legal actions as part of the signed Assignments of Benefits.

## SUBSTANTIVE ALLEGATIONS

9. Horizon/Painters operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon/Painters provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

10. Specifically, in this case, the Plaintiff NJ Surgery provided the facilities and treating doctors for the medical procedures administered to R.D. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Horizon/Painters.

11. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

12. In each instance, prior to Plaintiff rendering services, Horizon/Painters agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Horizon/Painters' express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

13. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan from which R.D. receives benefits (the "Plan"). The bill submitted was based on the reasonable and customary charges for the date of service of 10/28/09, in the amount of $12,481.00. Horizon/Painters issued an Explanation of Benefits ("EOB") with an allowed amount of $688.50, issuing a payment to Plaintiff in the amount of $688.50. Horizon/Painter's EOB also indicated there was a "Not Covered Amount" amount of $11,677.50 and "Subscriber Responsibility" amount of $9,931.50. However, the portion designated by Horizon/Painters as "Subscriber Responsibility" and/or "Not Covered Amount" are in dispute since Plaintiff challenges the reasonable and customary charge ("UCR") allowed by Horizon/Painters for the subject date of service.

14. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. The bill submitted was based on the reasonable and customary charges for the date of service of 4/28/10, in the amount of $27,154.00. Horizon/Painters issued an EOB with an allowed amount of $1,377.00 which included a co-insurance amount of $171.00, ultimately issuing a payment to Plaintiff in the amount of $1,206.00. Horizon/Painter's EOB also indicated there

was a "Not Allowed" amount of $25,777.00 and "Customer Liability" amount of $24,137.00. However, the portion designated by Horizon/Painters as "Customer Liability" and/or "Not Allowed" are in dispute since Plaintiff challenges the UCR allowed by Horizon/Painters for the subject date of service.

15. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. The bill submitted was based on the reasonable and customary charges for the date of service of 5/19/10, in the amount of $27,154.00. Horizon/Painters issued an EOB with an allowed amount of $1,377.00, issuing a payment to Plaintiff in the amount of $1,377.00. Horizon/Painter's EOB also indicated there was a "Not Allowed" amount of $25,777.00 and "Customer Liability" amount of $23,966.00. However, the portion designated by Horizon/Painters as "Customer Liability" and/or "Not Allowed" are in dispute since Plaintiff challenges the UCR allowed by Horizon/Painters for the subject date of service.

16. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. The bill submitted was based on the reasonable and customary charges for the date of service of 7/15/10, in the amount of $13,390.00. Horizon/Painters issued an EOB with an allowed amount of $688.50, issuing a payment to Plaintiff in the amount of $688.50. Horizon/Painter's EOB also indicated there was a "Not Covered Amount" amount of $12,701.50 and "Subscriber Responsibility" amount of $10,890.50. However, the portion designated by Horizon/Painters as "Subscriber Responsibility" and/or "Not Covered Amount" are in dispute since Plaintiff challenges the UCR allowed by

Massood & Bronsnick, LLC
Attorneys at Law

Horizon/Painters for the subject date of service.

17. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. The bill submitted was based on the reasonable and customary charges for the date of service of 8/4/10, in the amount of $13,390.00. Horizon/Painters issued an EOB with an allowed amount of $688.50, issuing a payment to Plaintiff in the amount of $688.50. Horizon/Painter's EOB also indicated there was a "Not Covered Amount" amount of $12,701.50 and "Subscriber Responsibility" amount of $10,890.50. However, the portion designated by Horizon/Painters as "Subscriber Responsibility" and/or "Not Covered Amount" are in dispute since Plaintiff challenges the UCR allowed by Horizon/Painters for the subject date of service.

18. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. The bill submitted was based on the reasonable and customary charges for the date of service of 9/1/10, in the amount of $13,690.00. Horizon/Painters issued an EOB with an allowed amount of $975.02, issuing a payment to Plaintiff in the amount of $975.02. Horizon/Painter's EOB also indicated there was a "Not Covered Amount" amount of $12,714.98 and "Subscriber Responsibility" amount of $12,714.98. However, the portion designated by Horizon/Painters as "Subscriber Responsibility" and/or "Not Covered Amount" are in dispute since Plaintiff challenges the UCR allowed by Horizon/Painters for the subject date of service.

19. Plaintiff submitted a bill to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. The bill submitted was based on the reasonable and

customary charges for the date of service of 9/29/10, in the amount of $13,390.00. Horizon/Painters issued an EOB with an allowed amount of $975.01, issuing a payment to Plaintiff in the amount of $975.01. Horizon/Painter's EOB also indicated there was a "Not Allowed" amount of $12,414.99 and "Customer Liability" amount of $12,414.99. However, the portion designated by Horizon/Painters as "Customer Liability" and/or "Not Allowed" are in dispute since Plaintiff challenges the UCR allowed by Horizon/Painters for the subject date of service.

20. Plaintiff has submitted bills for medical services, in addition to the above, to Defendant, Horizon/Painters for payment pursuant to the ERISA qualified Plan. These additional bills were submitted based upon the reasonable and customary charges for various additional dates of service. Horizon/Painter failed to reimburse Plaintiff pursuant to the Plan for each of these additional bills.

21. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $114,050.47, plus payments for the additional bills, for which payments were not made pursuant to the Plan.

22. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal, because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore,

Defendant did not properly consider payment on appeal.

23. Defendant has not issued any further payments to Plaintiff.

24. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Violation of ERISA)

25. NJ Surgery repeats and re-alleges all prior allegations as though fully set forth herein.

26. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

27. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Horizon and/or Horizon's designated third-party administrator and/or agent under ERISA.

28. Horizon is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

29. Horizon is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

30. Horizon's fiduciary functions include, *inter alia*, preparation and submission of

explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

31. NJ Surgery received assignment of benefits from R.D. which had "out of network" benefits for surgery under her plan or insurance agreement with or administered by Horizon through which R.D. assigned to NJ Surgery, *inter alia*, the individual Patients' right to receive payment directly from Horizon for the services that the patient received from NJ Surgery.

32. The Assignment of Benefits that NJ Surgery received from R.D. confers upon NJ Surgery's the status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

33. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), NJ Surgery is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

34. NJ Surgery has sought payment of benefits under the applicable Patients' plans and Horizon has refused to make payment to NJ Surgery for the medical services rendered to the R.D.

35. The denial of R.D.'s claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

36. The form and basis of the denial of the R.D.'s claims are insufficient and not in

compliance with ERISA.

37. NJ Surgery is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

38. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, NJ Surgery requests judgment against Defendant for:

a) Benefits pursuant to the Horizon/Painter's Plan;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

39. NJ Surgery repeats and re-alleges all prior allegations as though fully set forth herein.

40. Horizon has an obligation to supply all documents used in making any claims determination.

41. Horizon has an obligation to explain its determination regarding the denial of claims.

42. Horizon/Painters have a duty to provide NJ Surgery a full and fair hearing on the claims determination.

43. Horizon is a fiduciary under ERISA.

44. Horizon's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

45. Horizon violated its fiduciary duty to the R.D. and NJ Surgery as assignee of R.D.

WHEREFORE, NJ Surgery requests judgment against Defendants for:

a) Benefits pursuant to the Horizon/Painter's Plan;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
**(Negligent Misrepresentation)**

46. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

47. Despite its confirmation of reasonable and customary payment for medically necessary services, prior to Plaintiffs rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation.  Because of Defendants' negligent misrepresentation, Plaintiffs were paid less than the reasonable and customary rates.

48. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to Plaintiffs at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiffs reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiffs would be properly compensated in accordance with the medical coverage plan presented prior to the

medical services being performed.

49. Plaintiff's reliance on these representations was to its substantial detriment and as a result the Plaintiffs suffered significant monetary damages.

50. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

51. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Benefits pursuant to the Horizon/Painter's Plan;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## **FOURTH COUNT**

52. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

53. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Benefits pursuant to the Horizon/Painter's Plan;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e)  Such other relief as the Court deems equitable and just.

### DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

### JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

                          MASSOOD & BRONSNICK, LLC
                          Attorneys for Plaintiff

                          ___*s/Andrew R. Bronsnick*_____
                          ANDREW R. BRONSNICK, ESQ.

Dated:  August 8, 2013
w:\wp51\majormed\north jersey surgical\dawson\proposed amended complaint 6.18.13.docx