IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o R.D., <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; PAINTERS DISTRICT COUNCIL #711 WELFARE FUND; ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-6787 |

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") hereby answers the Amended Complaint filed by Plaintiff North Jersey Surgery Center a/s/o R.D. and files the following Affirmative Defenses.

**THE PARTIES**

1. Horizon admits only that Plaintiff is an out-of-network provider and does not have a contract with Horizon. Horizon is without sufficient knowledge to confirm or deny the remaining allegations contained within Paragraph 1 of the Amended Complaint and leaves Plaintiff to its proofs.

2. Horizon admits only that it conducts business throughout the State of New Jersey with its principle place of business located at There Penn Plaza, Newark, New Jersey and provides healthcare benefits/or administrative services under the terms of its benefit plans for

self-insured policies administered by Horizon both of which provide in network benefits and in some instances, provide out of network benefits.

3. Horizon admits only that it conducts business throughout the State of New Jersey, including Bergen County. Horizon denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

4. Horizon denies each and every allegation contained in Paragraph 4 of the Amended Complaint except to admit that Horizon is a not-for-profit health service corporation of the State of New Jersey established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.

5. Horizon does not have sufficient knowledge to confirm or deny the allegations contained in Paragraph 5 of the Amended Complaint and leaves plaintiff it its proofs.

6. The allegations contained in Paragraph 6 of the Amended Complaint are not directed towards Horizon, therefore, no response is required. To the extent that the allegations are deemed applicable to Horizon, Horizon denies each and every allegation.

7. Horizon denies each and every allegation contained in Paragraph 7 of the Amended Complaint except to admit that Horizon is a not-for-profit health service corporation of the State of New Jersey established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.

8. Horizon denies each and every allegation contained in Paragraph 8 of the Amended Complaint. By way of further answer, any assignment of benefits as against Horizon is void and unenforceable as a matter of public policy. See Somerset Orthopedic Associates,

P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 413-415 (App. Div. 2001).

## SUBSTANTIVE ALLEGATIONS

9. Horizon denies each and every allegation contained in Paragraph 9 of the Amended Complaint except to admit that Horizon administers a group health benefit plan which provides in-network benefits and in some instances provides out-of-network benefits.

10. Horizon denies that the services allegedly rendered were "medically necessary" and were approved by Horizon. Horizon is without sufficient knowledge to confirm or deny the remaining allegations within Paragraph 10 of the Amended Complaint and leaves Plaintiff to its proofs.

11. Horizon denies each and every allegation contained in Paragraph 11 of the Amended Complaint.

12. Horizon denies each and every allegation contained in Paragraph 12 of the Amended Complaint.

13. Horizon denies each and every allegation contained in Paragraph 13 of the Amended Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

14. Horizon denies each and every allegation contained within Paragraph 14 of the Amended Complaint.

15. Horizon denies each and every allegation contained within Paragraph 15 of the Amended Complaint.

16. Horizon denies each and every allegation contained within Paragraph 16 of the Amended Complaint.

17. Horizon denies each and every allegation contained within Paragraph 17 of the Amended Complaint.

18. Horizon denies each and every allegation contained within Paragraph 18 of the Amended Complaint.

19. Horizon denies each and every allegation contained within Paragraph 19 of the Amended Complaint.

20. Horizon denies each and every allegation contained within Paragraph 20 of the Amended Complaint.

21. The averments contained in Paragraph 21 of the Amended Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 21 of the Amended Complaint.

22. Horizon denies each and every allegation contained within Paragraph 22 of the Amended Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable self-funded group health benefit plan.

23. Horizon denies each and every allegation contained within Paragraph 23 of the Amended Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable self-funded group health benefit plan.

24. The averments contained in Paragraph 24 of the Amended Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is

deemed necessary, Horizon denies each and every allegation contained within Paragraph 24 of the Amended Complaint

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Amended Complaint with prejudice and for an award of attorney's fees and costs.

## **FIRST COUNT**
### **(Violation of ERISA)**

25. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Amended Complaint.

26. Horizon denies each and every allegation contained within Paragraph 26 of the Amended Complaint except to admit only that the health benefit plan under which plaintiff is seeking benefits is governed by the Employee Retirement Income Security active 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

27. Horizon denies each and every allegation contained within Paragraph 27 of the Amended Complaint except to admit only that the fully insured group health benefits plan under which plaintiff is making a claim for benefits is issued and administered by Horizon.

28. The averments contained in Paragraph 28 of the Amended Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 28 of the Amended Complaint.

29. The averments contained in Paragraph 29 of the Amended Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 29 of the Amended Complaint.

2993616-1

30.     The averments contained in Paragraph 30 of the Amended Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 30 of the Amended Complaint.

31.     Horizon is without sufficient information to confirm or deny the allegations contained within Paragraph 31 of the Amended Complaint and leaves plaintiff to its proofs.

32.     Horizon denies each and every allegation contained in Paragraph 32 of the Amended Complaint.

33.     Horizon denies each and every allegation contained in Paragraph 33 of the Amended Complaint.

34.     Horizon denies each and every allegation contained in Paragraph 34 of the Amended Complaint except to admit only that the claims at issue were properly processed and obtained in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

35.     Horizon denies each and every allegation contained in Paragraph 35 of the Amended Complaint.

36.     Horizon denies each and every allegation contained in Paragraph 36 of the Amended Complaint.

37.     Horizon denies each and every allegation contained in Paragraph 37 of the Amended Complaint.

38.     Horizon denies each and every allegation contained in Paragraph 38 of the Amended Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Amended Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

39. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Amended Complaint.

40. The averments contained in Paragraph 40 of the Amended Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 40 of the Amended Complaint.

41. The averments contained in Paragraph 41 of the Amended Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 41 of the Amended Complaint.

42. The averments contained in Paragraph 42 of the Amended Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 42 of the Amended Complaint.

43. The averments contained in Paragraph 37 of the Amended Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 43 of the Amended Complaint.

44. Horizon denies each and every allegation contained within Paragraph 44 of the Amended Complaint.

45. Horizon denies each and every allegation contained within Paragraph 45 of the Amended Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Amended Complaint with prejudice and for an award of attorney's fees and costs.

### THIRD COUNT
### (Negligent Misrepresentation)

46. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Amended Complaint.

47. Horizon denies each and every allegation contained in Paragraph 47 of the Amended Complaint except to admit only that the claims at issue were properly processed and obtained in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

48. Horizon denies each and every allegation contained in Paragraph 48 of the Amended Complaint except to admit only that the claims at issue were properly processed and obtained in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

49. Horizon denies each and every allegation contained within Paragraph 49 of the Amended Complaint.

50. Horizon denies each and every allegation contained within Paragraph 50 of the Amended Complaint.

51. Horizon denies each and every allegation contained within Paragraph 51 of the Amended Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Amended Complaint with prejudice and for an award of attorney's fees and costs.

## **FOURTH COUNT**

52. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Amended Complaint.

53. The allegations contained in Paragraph 53 of the Amended Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations within Paragraph 53 of the Amended Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Amended Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY:   */s/Christopher Abatemarco*
          Christopher Abatemarco, Esquire

DATE:   October 8, 2013

**AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4. Plaintiff's claims are barred because Plaintiff lacks any contract with Horizon.

5. Horizon did not violate any legal or contractual duty owed to Plaintiff.

6. Horizon acted reasonably and in good faith with Plaintiff at all times.

7. Horizon denies the reasonableness, accuracy and appropriateness of the allegations in the Amended Complaint.

8. The Amended Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

9. Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

10. Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

11. The Amended Complaint may be barred by the applicable Statute of Limitations.

12. Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

13. Plaintiff has failed to exhaust all appeal rights under the group health benefit plan and ERISA. Thus, the Amended Complaint is premature and must be dismissed.

14. Plaintiff's claims are barred because Horizon fulfilled all its obligations under the health benefits plan and/or policies of insurance.

15. Denial of benefits to the plaintiff can only be reversed upon proof that Horizon acted in an arbitrarily and capricious manner, which it did not.

16. Plaintiff's state law claims, including, negligent misrepresentation, as well as plaintiff's demand for a jury trial are barred by ERISA.

17. Horizon reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Amended Complaint with prejudice and for an award of attorney's fees and costs.

> CONNELL FOLEY LLP
> 85 Livingston Avenue
> Roseland, New Jersey 07068
> *Attorneys for Defendant*
> *Horizon Blue Cross Blue Shield*
> *of New Jersey*
>
> BY:   */s/Christopher Abatemarco*
>       Christopher Abatemarco, Esquire

DATE: October 8, 2013

**DESIGNATION OF TRIAL COUNSEL**

Please be advised that Edward S. Wardell, Esquire and Christopher Abatemarco, Esq. are designated for trial counsel for Defendant Horizon Blue Cross Blue Shield of New Jersey.

                                       CONNELL FOLEY LLP
                                       85 Livingston Avenue
                                       Roseland, New Jersey 07068
                                       *Attorneys for Defendant*
                                       *Horizon Blue Cross Blue Shield*
                                       *of New Jersey*

BY:   */s/Christopher Abatemarco*
             Christopher Abatemarco, Esquire

DATE:    October 8, 2013

**CERTIFICATE OF SERVICE**

  I, Christopher Abatemarco, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email upon:

Andrew Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
*Attorneys for Plaintiffs*
*North Jersey Surgery Center a/s/o R.D.*

  I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                 */s/Christopher Abatemarco*
                 Christopher Abatemarco

DATE:  October 8, 2013

2993616-1