**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
        Mark E. Belland, Esquire

*Attorneys for Co-Defendant, Painters District Council No. 711 Health & Welfare Fund*

| | |
|---|---|
| **NORTH JERSEY SURGERY CENTER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,** et al,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case No. 12-6787 (DMC-JAD) |

**MEMORANDUM IN SUPPORT OF DEFENDANT, PAINTERS DISTRICT COUNCIL NO. 711 HEALTH & WELFARE FUND'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, CROSS CLAIM AND SEPARATE DEFENSES TO AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................ii

I.    INTRODUCTION ...................................................................................1

II.   LEGAL ARGUMENT ...........................................................................2

    A.    Leave to Amend the Answer Shall be Freely Given and Granted
         Pursuant to Federal Rule of Civil Procedure 15(a)(2). ...................2

III.  CONCLUSION ......................................................................................6

i

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                        **<u>Page</u>**

*Adams v. Gould,*
739 F.2d 858 (3d Cir. 1984), *cert. denied,* 469 U.S. 1122 (1985) .................3, 4

*Dole v. Arco Chemical Co.,*
921 F.2d 484 (3d Cir. 1990) ................................................................................3

*Figgie Intern., Inc. v. Miller,*
966 F.2d 1178 (7th Cir. 1992) ...........................................................................6

*Foman v. Davis,*
37 U.S. 178 (1962)..............................................................................................2

*Harter v. GAF Corp.,*
150 F.R.D. 502 (D.N.J. 1993)…..........................................................................4

*In re Burlington Coat Factory Securities Lit.,*
114 F.3d 1410 (3d Cir. 1997) ....................................................................3, 4, 5

*Lake v. Arnold,*
232 F.3d 360 (3d Cir. 2000) ...........................................................................2, 3

*Lorenz v. CSX Corp.,*
1 F.3d 1406 (3d Cir. 1993) .............................................................................2, 3

*Rodgers v. Lincoln Towing Service, Inc.,*
771 F.2d 194 (7th Cir. 1985) ..............................................................................6

*Rolo v. City Investing Co. Liquidating Trust,*
155 F.3d 644 (3d Cir. 1998) ...........................................................................3, 4

*Roth v. Garcia Marquez,*
942 F.2d 617 (9th Cir. 1991) ..............................................................................5

*Shane v. Fauver,*
213 F.3d 113 (3d. Cir. 2000) ......................................................................2, 3, 4

*Singletary v. Pennsylvania Dept. of Corrections*,
266 F.3d 186 (3d Cir. 2001) ...……………………………………………....….3

*Wilson v. Am. Trans Air, Inc.*,
874 F.2d 386 (7th Cir. 1989)...……………………………………………....….5

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 15 .................................................................................................2
Fed. R. Civ. P. 15(a) ..............................................................................1, 2, 4, 5
Fed. R. Civ. P. 15(a)(1).........................................................................................2
Fed. R. Civ. P. 15(a)(2).........................................................................................2

## I.     INTRODUCTION

Co-Defendant, Painters District Council No. 711 Health & Welfare Fund ("PDC 711 Fund"), seeks leave to file an Amended Answer, Cross Claim and Separate Defenses to Plaintiff's Amended Complaint.  The proposed amendment adds indemnification as a cross-claim against Co-Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon").  The litigation and accompanying discovery are in the early stages, and future discovery can be altered or adjusted if necessary.  Both Plaintiff North Jersey Surgery Center ("North Jersey") and Co-Defendant Horizon have ample time to prepare or respond in response this proposed amendment.  Under these circumstances, Rule 15(a) of the Federal Rules of Civil Procedure counsels that "leave to amend shall be freely given," especially as "justice so requires."

Plaintiff North Jersey does not have an objection to the proposed amendment.  However, Co-Defendant Horizon has objected to the indemnification Cross Claim, arguing that the Administrative Services agreement between Co-Defendants does not permit the remedy sought by PDC 711 Fund.  This position does not present grounds for denying the Motion.

## II.    LEGAL ARGUMENT

### A.    Leave to Amend the Answer Shall be Freely Given and Granted Pursuant to Federal Rule of Civil Procedure 15(a)(2).

Federal Rule of Civil Procedure 15(a)(2) controls when a party may amend their pleadings prior to a trial and states in pertinent part, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *Shane v. Fauver*, 213 F.3d 113, 115 (3d. Cir. 2000). This subsection of Fed. R. Civ. P. 15 applies since Co-Defendant PDC 711 Fund cannot amend its Answer as of right, Fed. R. Civ. P. 15(a)(1), and co-Defendant Horizon will not consent. Therefore, this Motion is filed with the court seeking leave to amend.

In these circumstances, permission to amend rests with the discretion of the court. However, the text of Rule 15(a) directs that the court grant leave to amend "when justice so requires." *Lake v. Arnold*, 232 F.3d 360, 373-374 (3d Cir. 2000) *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, … outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) "embodies the liberal pleading philosophy of the federal rules" in order to ensure that claims will

2

be decided on the merits. *Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984), *cert.*

*denied*, 469 U.S. 1122 (1985); *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d

Cir. 1990). The same standard applies when considering a request to add or drop

parties. *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir.

1998).[1]

The Third Circuit Court of Appeals has adopted similar factors as well,

advising the district court that it has the discretion to deny a request to amend a

complaint if "it is apparent from the record that (1) the moving party has

demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would

be futile, or (3) the amendment would prejudice the other party." *Lake*, 232 F.3d at

373; *Shane*, 213 F.3d at 115; *In re Burlington Coat Factory Securities Lit.*, 114

F.3d 1410, 1434 (3d Cir. 1997). These factors have been interpreted to mean

"prejudice to the non-moving party is the touchstone for the denial of an

amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

"Prejudice" involves the serious impairment of a party's ability to present its

case. *Dole*, 921 F.2d at 486-86. The issue of prejudice requires that the court

focus on the hardship of the parties if the amendment were permitted. *Adams*, 739

F.2d at 868. In determining what constitutes "prejudice," the court considers

---

[1] The decision whether to grant or deny a motion for leave to amend rests within the sound discretion of the district court. *Rolo*, 155 F.3d at 654. Thus, the Court of Appeals reviews a district court's decision granting or denying leave to amend a complaint for abuse of discretion. *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 193 (3d Cir. 2001). However, if the appellate court is reviewing factual conclusions that a district court made while considering a Rule 15 motion, its standard of review is clear error. *Id.*

whether the assertion of the new claim would require the opponent to expend

significant additional resources to conduct discovery and prepare for trial or would

significantly delay the resolution of the dispute. *Adams*, 739 F.2d at 869. Thus,

prejudice normally arises when a party seeks leave to amend in mature cases. A

motion to amend may be properly denied as unduly prejudicial to the other parties

when it is made on the eve of trial or after the close of discovery. *See, e.g., Harter*

*v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993)(citing cases).

"Futility" means that the proposed amendment fails to state a claim upon

which relief could be granted. *Burlington*, 114 F.3d at 1434. In assessing

"futility," the District Court applies the same standard of legal sufficiency as

applies under Rule 12(b)(6), Fed.R.Civ.P. *Shane*, 213 F.3d at 115. Similarly, a

District Court has discretion to deny a party leave to amend where that party was

put on notice as to the deficiencies in its pleading, but chose not to resolve them.

*Rolo*, 155 F.3d at 654.

Applying Fed. R. Civ. P. 15(a) and the factors set forth in the above cited

cases to the facts before the Court, Co-Defendant PDC 711 Funds' Motion for

Leave to Amended Answer, Cross Claim and Separate Defenses to Amended

Complaint must be granted. PDC 711 Funds are not filing this Motion to cause

undue delay, in bad faith or with any dilatory motive. The proposed amendment

does not pose any prejudice to Plaintiff North Jersey and Co-Defendant Horizon

within the meaning of Rule 15(a). Neither party will have to expend any additional resources and the gravamen of the case does not change in any unforeseen way. The proposed amendment does not affect discovery in any significant way and is wholly based upon a contract between Co-Defendants. The fact that the proposed amendment alleges that Co-Defendant Horizon must indemnify Co-Defendant PDC 711 Fund is not the type of prejudice cognizable under Rule 15(a).

Additionally, Plaintiff North Jersey and Co-Defendant Horizon cannot state any grounds to support a claim of futility – i.e., that the claim of indemnification fails to state a claim upon which relief could be granted. *See Burlington*, 114 F.3d at 1434. The proposed amendment has no effect on Plaintiff North Jersey and only adds a new charge against Co-Defendant Horizon, a charge that they will have an opportunity to answer or otherwise respond.

Generally, cases denying leave to amend are fundamentally distinguished from the case at bar: in each, the request for leave to amend was made well after judgment had been granted. Often the courts have before it a record establishing that the proposed amendments were futile. *See Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989)(leave to amend denied after summary judgment had been granted and the proposed amendment failed to cure deficiencies); *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991)(affirming dismissal of action and subsequent denial of motion to amend breach of contract complaint on grounds of

futility where it was clear that no binding contract had been formed between parties); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 204 (7th Cir. 1985)(district court refused to permit second amended complaint after dismissing action where plaintiff's pleadings did not provide a "'factual predicate to support the crux' of his claims"); *Figgie Intern., Inc. v. Miller*, 966 F.2d 1178 (7th Cir. 1992)(after granting summary judgment against plaintiff, motion for leave to amend denied on basis of undue delay and bad faith where plaintiff presented no competent evidence that was not previously available).

## III.   CONCLUSION

Based on the foregoing, it is respectfully requested that Co-Defendant PDC 711 Funds' Motion to File the Amended Answer, Cross Claim and Separate Defenses to Amended Complaint must respectfully be granted.

Respectfully Submitted,

**O'Brien, Belland & Bushinsky, LLC**

*Attorneys for Co-Defendant, Painters District Council No. 711 Health & Welfare Fund*

By: _____
Steven J. Bushinsky, Esquire
Mark E. Belland, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
dharman@obbblaw.com

Dated: January 22, 2014

6