**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      Mark E. Belland, Esquire

*Attorneys for Co-Defendant, Painters District Council No. 711 Health & Welfare Fund*

| | |
|---|---|
| **NORTH JERSEY SURGERY CENTER,** | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| *Plaintiffs,* | Case No. 12-6787 (DMC-JAD) |
| *vs.* | |
| **HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,** et al, | **CERTIFICATION OF COUNSEL** |
| *Defendants.* | |

I, Steven J. Bushinsky, Esquire do hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey, a partner with the law firm of O'Brien, Belland & Bushinsky, LLC, attorneys for Co-Defendant, Painters District Council No. 711 Health & Welfare Fund.

2.      I have personal knowledge of the facts stated herein and make this Certification in Support of Co-Defendant, Painters District Council No. 711 Health & Welfare Funds' Motion to File an Amended Answer, Cross Claim and Separate Defenses to Amended Complaint.

3.     Attached hereto as Exhibit "A" is a proposed Amended Answer, Cross Claim and Separate Defenses to the Amended Complaint on behalf of Co-Defendant, Painters District Council No. 711 Health & Welfare Fund.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

Attorneys for Co-Defendant, Painters District Council No. 711
Health & Welfare Fund

By:   _____
Steven J. Bushinsky, Esquire

Dated:  January 22, 2014

# EXHIBIT A

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
856-795-2181/Fax: 856-795-2182
By:    Steven J. Bushinsky, Esquire
       Mark E. Belland, Esquire

*Attorneys for Co-Defendant, International Union of Painters and Allied Trades District Council No. 711 Health & Welfare Fund*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o ROSEANN DAWSON, <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; PAINTERS DISTRICT COUNCIL NO. 711 WELFARE FUND; ABC CORP. (1-10) (Said names being fictitious and unknown entities). <br><br> Defendants. | Civil Action No:12-cv-06787(DMC)(JAD) <br><br><br> **AMENDED ANSWER, CROSS CLAIM AND SEPARATE DEFENSES TO AMENDED COMPLAINT ON BEHALF OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNSEL NO. 711 HEALTH & WELFARE FUND** |

International Union of Painters and Allied Trades District Council No. 711 Health & Welfare Fund ("PDC 711 Fund") improperly pled as Painters District Council No. 711 Welfare Fund, files this Amended Answer to the Amended Complaint of North Jersey Surgery Center a/s/o R.D. ("Surgery Center").   The

numbered paragraphs of the Amended Answer correspond to the like numbered paragraphs of the Complaint, and unless specifically admitted herein, each factual allegation of the Complaint is hereby denied.

## THE PARTIES

1.      Denied.  This allegation is not directed at PDC 711 Fund and PDC 711 Fund is without sufficient knowledge or information to admit Plaintiff's description of itself.

2.      Admitted in part and denied in part.  Certain allegations are not directed at PDC 711 Fund and PDC 711 Fund is without sufficient information or knowledge to admit the description for Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon").  PDC 711 Fund admits that Horizon does have a business location at 975 Raymond Boulevard, Newark, New Jersey.  Except as expressly admitted, PDC 711 Fund denies the remaining allegations of this paragraph.

3.      Denied.  This allegation is not directed at PDC 711 Fund and after reasonable investigation PDC 711 Fund is without sufficient knowledge or information to admit where Horizon conducts business in the State of New Jersey. PDC 711 Fund denies the remaining allegations of this paragraph.

2

4.     Denied.  This allegation is not directed at PDC 711 Fund and after reasonable investigation PDC 711 Fund is without sufficient knowledge or information to admit whether or not Horizon maintains an ERISA health insurance plan for its employees and their participating family members.

5.     Denied.  This allegation is not directed at PDC 711 Fund and after reasonable investigation, PDC 711 Fund is without sufficient knowledge or information to admit that Plaintiff R.D. is a subscriber to a plan of group health insurance issued to employees and their participating family members by Horizon.

6.     Admitted in part and denied in part.  PDC 711 Fund admits that it is a Trust Fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) and is an Employer Benefit Plan established and maintained pursuant to Section 3(1)(2) and (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(1)(2) and (3), and further admits that it has an office located at 27 Roland Avenue, Suite 200, Mount Laurel, New Jersey.  Except as expressly admitted, PDC 711 Fund denies the remaining allegations of this paragraph.

7.     The allegations of this paragraph state a legal conclusion regarding Co-Defendant Horizon's insurance agreements and, as such, PDC 711 Fund is not

3

required to admit or deny this allegation.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

8.     Denied.  The allegations of this paragraph state a legal fact and a legal conclusion neither of which apply to PDC 711 Fund.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

## SUBSTANTIVE ALLEGATIONS

9.     Denied.  It is denied that PDC 711 Fund operates or controls this plan, as these functions were delegated to Defendant Horizon.  It is further denied that PDC 711 Fund provides certain of its members and/or their dependents with "out-of-network" benefits.  To the extent that Plaintiff Dawson is eligible to receive benefits from the Fund, PDC 711 Fund is without sufficient information or knowledge to admit this allegation, and this allegation is denied.  PDC 711 Fund denies the remaining allegations of this paragraph.

10.    Denied.  This allegation is not directed at PDC 711 Fund and after reasonable investigation PDC 711 Fund is without sufficient knowledge or information to admit what Plaintiff Surgery Center provides by way of facilities and/or training.  PDC 711 Fund specifically denies the remaining allegations of this paragraph including that all surgical procedures performed were "medically necessary" and were approved.

4

11.    Denied.  This allegation states a definition and legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

12.    Denied.  PDC 711 Fund denies the allegations of this paragraph.

13.    Denied.  PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund.  PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason.  PDC 711 Fund further denies that it ever issued an explanation of benefits at any time to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

14.    Denied.  PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund.  PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason.  PDC 711 Fund further denies that it ever issued an explanation of benefits at any time to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

15.    Denied.  PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund.  PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason.  PDC 711 Fund

further denies that it ever issued an explanation of benefits at any time to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

16.   Denied.  PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund.  PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason.  PDC 711 Fund further denies that it ever issued an explanation of benefits at any time to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

17.   Denied.  PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund.  PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason.  PDC 711 Fund further denies that it ever issued an explanation of benefits at any time to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

18.   Denied.  PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund.  PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason.  PDC 711 Fund further denies that it ever issued an explanation of benefits at any time to Plaintiff.

To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

19.    Denied. PDC 711 Fund denies that Plaintiff ever submitted a bill to PDC 711 Fund. PDC 711 Fund further denies that it ever issued a payment to Plaintiff in any amount whatsoever at any time for any reason. PDC 711 Fund further denies that it ever issued an explanation of benefits at any time to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

20.    Denied. PDC 711 Fund denies that Plaintiff ever submitted any bills to PDC 711 Fund. PDC 711 Fund further denies that it failed to reimburse Plaintiff pursuant to the Plan for each of these bills. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

21.    Denied. The allegations of this paragraph state legal conclusions and therefore no answer is required, to the extent a response is required, the allegations of this paragraph are denied.

22.    Denied. PDC 711 Fund denies that it ever received an appeal for reconsideration of any claim by Plaintiff at any time or under any circumstance. PDC 711 Fund further denies that it failed to provide an appropriate response to

7

Plaintiff's alleged appeal. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

23. Denied. PDC 711 Fund never issued any payments to Plaintiff and has not issued any "further" payments to Plaintiff. To the extent not otherwise denied, PDC 711 Fund denies the remaining allegations of this paragraph.

24. The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

## FIRST COUNT
### (Violation of ERISA)

25. PDC 711 Fund repeats its responses to all prior allegations as if more fully set forth at length herein.

26. The allegations of this paragraph state a legal conclusion and, as such, no response is required. To the extent a response is required, PDC 711 Fund admits that it is a multiemployer health plan as defined under ERISA and is governed under the provisions of ERISA.

27. Denied. The allegations in this paragraph are not directed at PDC 711 Fund and further to a certain extent assert a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

8

28.    Denied.  The allegations in this paragraph are not directed at PDC 711 Fund and further to a certain extent assert a legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

29.    Denied.  The allegations in this paragraph are not directed at PDC 711 Fund and further to a certain extent assert a legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

30.    Denied.  The allegations in this paragraph are not directed at PDC 711 Fund and further to a certain extent assert a legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

31.    Denied.  This allegation is not directed at PDC 711 Fund and PDC 711 Fund is without sufficient information or knowledge to admit or deny the allegations of this paragraph.  To the extent a further response is required, PDC 711 Fund denies the allegations of the paragraph.

32.    The allegations of this paragraph state a legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

33.     The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

34.     Denied. The allegations of this paragraph are not directed to PDC 711 Fund and PDC 711 Fund is without sufficient knowledge or information to admit or deny the allegations of this paragraph. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

35.     The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

36.     The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

37.     The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

38.     The allegations of this paragraph state a legal conclusion and, as such, no answer is required. To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

WHEREFORE, PDC 711 Fund seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 Fund of their costs, attorneys' fees and such further relief the court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

39.   PDC 711 Fund repeats its responses to all prior allegations as if more fully set forth at length herein.

40.   The allegations of this paragraph are not directed at PDC 711 Fund and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

41.   The allegations of this paragraph are not directed at PDC 711 Fund and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

42.   Denied.  The allegations of this paragraph state a legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies that it has a duty to provide Plaintiff a full and fair hearing on the claims determination.

43.   The allegations of this paragraph are not directed at PDC 711 Fund and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

11

44.    The allegations of this paragraph are not directed at PDC 711 Fund and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

45.    The allegations of this paragraph are not directed at PDC 711 Fund and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

WHEREFORE, PDC 711 Fund seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 Fund of their costs, attorneys' fees and such further relief the court deems equitable and just.

### THIRD COUNT
### (Negligent Misrepresentation)

46.    PDC 711 Fund repeats its responses to all prior allegations as if more fully set forth at length herein.

47.    Denied.    PDC 711 Fund has never confirmed reasonable and customary payment for medically necessary services.  The remaining allegations of this paragraph state a legal conclusion and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the remaining allegations of this paragraph.

12

48.    Denied.    The allegations of this paragraph state a legal conclusion and, as such, no answer is required.    To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

49.    Denied.    The allegations of this paragraph state a legal conclusion and, as such, no answer is required.    To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

50.    Denied.    The allegations of this paragraph state a legal conclusion and, as such, no answer is required.    To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

51.    Denied.    The allegations of this paragraph state a legal conclusion and, as such, no answer is required.    To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

WHEREFORE, PDC 711 Fund seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 Fund of their costs, attorneys' fees and such further relief the court deems equitable and just.

## FOURTH COUNT

52.    PDC 711 Fund repeats its responses to all prior allegations as if more fully set forth at length herein.

53.    Denied.   This allegation is not directed at PDC 711 Fund and, as such, no answer is required.  To the extent a response is required, PDC 711 Fund denies the allegations of this paragraph.

WHEREFORE, PDC 711 Fund seeks judgment dismissing the Complaint in its entirety, and an award to PDC 711 Fund of their costs, attorneys' fees and such further relief the court deems equitable and just.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    PDC 711 Fund did not violate any duty or obligation owed Plaintiff.

3.    PDC 711 Fund did not act in bad faith, in an arbitrary manner or in a discriminatory manner regarding Plaintiff and the allegations raised in this Complaint by Plaintiff's medical provider.

4.    PDC 711 Fund performed each and every duty allegedly owed Plaintiffs.

5.    To the extent that Plaintiff purports to seek legal damages, said request should be stricken from Plaintiff's Complaint for the reason that these damages are not recoverable under ERISA as a matter of law.

6.    Any remedy available for any act or omission as limited solely to those remedies available under ERISA.

14

10.     Plaintiff's claim are completely and expressly preempted in whole or in part by ERISA, §502(a) and §514(a), 29 U.S.C. §§1132(a) and §§1144(a).

11.     Plaintiff seeks remedies outside of ERISA's statutory scheme.

12.     Defendant has failed to exhaust its administrative remedies under the Plan of Benefits and under ERISA.

13.     PDC 711 Fund reserves the right to file a Motion to Dismiss all claims.

14.     PDC 711 Fund does not have any contractual relationship with Plaintiff and therefore Plaintiff's contractual based claims are barred.

15.     Plaintiff's Amended Complaint is barred by the applicable statute of limitations.

16.     Plaintiff North Jersey Surgery Center's claims are barred as this Plaintiff lacks standing in this lawsuit.

17.     To the extent PDC 711 Fund is found liable, Co-Defendant Horizon is liable to PDC 711 Fund for contribution and indemnity.

15

## CROSS CLAIM
## FIRST COUNT

18.     Paragraphs 1-17 of this Amended Answer are hereby incorporated by reference as if fully set forth herein.

19.     Horizon is Claims Administrator for the Plan and was a Plan fiduciary by virtue of its services and the related discretionary authority it employed.

20.     Pursuant to its duties as a third-party administrator ("TPA"), Horizon was to administer all health insurance claims made by participating members of the Plan and was responsible for submitting claims and monitoring recovery under relevant reinsurance contracts.

21.     In the exercise of its duties, Horizon was to use the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

22.     In the aforesaid capacity, Horizon was to process all claims on a current basis and ensure payment for same in accordance with the Plan.

23.     Horizon, has failed to use the proper care, skill, prudence and diligence in these claims, and has instead acted in a manner detrimental to the Plan and its participants so as to breach its duties and cause damages to the Plan, both compensatory and consequential.

24. To the extent that PDC 711 Fund is liable herein, which is denied, Horizon is liable to them for contribution and indemnity pursuant to the Joint Tortfeasors Contribution Act, *N.J.S.A. 2A:53A-1, et seq.*, and pursuant to the Comparative Negligence Act, *N.J.S.A. 2A:15-5.1, et seq.*

WHEREFORE, PDC 711 Fund seeks judgment against Horizon, for all costs incurred for the defense of this suit and for the amount of any judgment which may be awarded against Defendants and in favor of North Jersey.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that this lawsuit was originally filed in the Superior Court of New Jersey, Bergen County, Docket No. BER-L7724-12, and removed to this court by Steven J. Bushinsky, Esquire, counsel for International Union of Painters and Allied Trades District Council No. 711.

17

## DESIGNATION OF TRIAL COUNSEL

The undersigned Steven J. Bushinsky, Esquire is designated as trial counsel for this matter.

**O'Brien, Belland & Bushinsky, LLC**

*Attorneys for Co-Defendant,*
*International Union of Painters and Allied Trades*
*District Council No. 711 Health & Welfare Fund*

By:_____
      Steven J. Bushinsky, Esquire
      Mark E. Belland, Esquire
      1526 Berlin Road
      Cherry Hill, New Jersey 08003
      856-795-2181/Fax 856-795-2182
      sbushinsky@obbblaw.com

Dated:

18